IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RANDLE C. DANIELS,<br>    *Plaintiff*,<br><br>VS.<br><br>REGIONS BANK d/b/a<br>REGIONS MORTGAGE,<br>    *Defendant*. | §<br>§<br>§<br>§   CIVIL NO. 4:24-CV-1193-P<br>§<br>§<br>§<br>§<br>§ |

## ORDER RECOMMENDING DISMISSAL
## AND RETURNING CASE TO DISTRICT JUDGE

On December 4, 2024, the above-styled and numbered cause was removed to this Court [doc. 1]. On February 19, 2025, the Court ordered the parties to meet to confer and, subsequently, to submit a Joint Status Report and Proposed Discovery Plan within twenty-eight days of the Court's order [doc. 5]. Subsequently, on March 13, 2025, *pro se* Plaintiff Randle C. Daniels filed a Motion for Dismissal, Alternatively Motion for Extension of Time to File a Form Amended Complaint ("Motion to Dismiss") [doc. 7]. On March 17, 2025, the Court partially denied Plaintiff's Motion to Dismiss by denying Plaintiff's request to dismiss the case.[1] In addition, the Court partially granted Plaintiff's Motion to Dismiss by granting Plaintiff's request for an extension to file a form amended complaint no later than June 16, 2025 [doc. 9].

On March 19, 2025, Defendant Regions Bank d/b/a Regions Mortgage ("Regions") filed a Status Report in response to the Court's February 19 Order [doc. 11]. In Region's Status Report, Defendant stated that the report was limited to Defendant's status as it had been unsuccessful in conferring with Plaintiff prior to the deadline.[2] On April 9, 2025, the Court ordered Plaintiff to,

---

[1] In Plaintiff's Motion to Dismiss, he alleged he failed to receive any notice of removal from Defendant.

[2] Region's Certificate of Conference attached to the Status Report, stated the following: (1) Defendant called Plaintiff but was unable to leave a message or make contact; (2) Defendant emailed Plaintiff and, upon receiving a response from Plaintiff, coordinated a time for the conference; (3) one hour before the scheduled call Plaintiff notified

Page | 1

no later than April 23, 2025, comply with the Court's February 19 Order and confer with the Defendant [doc. 12]. The Court further ordered Defendant to file, no later than April 30, 2025, a Joint Status Report that complied with the Court's February 19 Order [doc. 12]. In the Court's April 9 Order, the Court advised Plaintiff that failure "to cooperate in the preparation and filing of the Joint Status Report may result in the imposition of sanctions, including dismissal or entry of default without further notice" [doc. 12]. On April 30, 2025, Defendant filed a Status Report indicating that it was, once again, unable to confer with Plaintiff [doc. 13].[3] As of the date of this Order, Plaintiff has wholly failed to comply with the Court's orders to Submit Joint Status Report and Proposed Discovery Plan [docs. 5, 12]. Consequently, the Court **RECOMMENDS** that the above-styled and numbered cause be **DISMISSED** for failing to comply with the Court's orders.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest

---

Defendant that he was no longer available; and (4) Defendant received no further response from Plaintiff after the missed conference. (Defendant's Status Report, [doc. 11] at 4.)

[3] In Defendant's April 30 Status Report, Defendant alleged, in the Certificate of Conference, that Defendant's counsel reached out to Plaintiff via email on two separate occasions, on April 21 and April 28, 2025. (Defendant's Status Report, [doc. 13] at 4.)

injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until May 26, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 12, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE